# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAOUFA AKROUSH,<br><br>           Plaintiff,<br><br>      v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>           Defendant. | Case No.  1:19-cv-00383-BAM<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |

Plaintiff Raoufa Akroush ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action on March 25, 2019, seeking review of a decision of the Commissioner of Social Security assessing an overpayment of benefits against Plaintiff. (Doc. No. 1.)  This action was reassigned to the Honorable Barbara A. McAuliffe for all purposes, including entry of final judgment. *See* 28 U.S.C. § 636(c); Doc. No. 20.

Pursuant to the Court's April 3, 2019 Scheduling Order, Plaintiff was ordered to file and serve an opening brief within thirty (30) days of service of the Commissioner's response to Plaintiff's confidential letter brief.  (Doc. No. 5.)  Plaintiff was warned that failure to comply with the Court's Scheduling Order may result in sanctions pursuant to Local Rule 110.  (*Id.*) According to the docket, the Commissioner served a response to Plaintiff's confidential letter

1

1 brief on March 30, 2020. (Doc. No. 18.) Plaintiff's opening brief was therefore due no later
2 than May 3, 2020. Plaintiff failed to file an opening brief.

3 On November 30, 2020, the Court ordered Plaintiff to show cause no later than December
4 21, 2020 why this action should not be dismissed for Plaintiff's failure to comply with the
5 Court's scheduling order and Plaintiff's failure to prosecute this action (Doc. No. 21.). The
6 Court forewarned Plaintiff that failure to respond to the order to show cause would result in the
7 dismissal of this action for failure to obey a court order and failure to prosecute. (*Id.* at 2.) The
8 deadline for Plaintiff to respond to the show cause order has passed and no response or opening
9 brief has been filed.

## DISCUSSION

11 Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
12 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
13 within the inherent power of the Court." District courts have the inherent power to control their
14 dockets and "[i]n the exercise of that power they may impose sanctions including, where
15 appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A
16 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
17 failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*,
18 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule*); Ferdik v.*
19 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
20 requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir.
21 1987) (dismissal for failure to comply with court order).

22 In determining whether to dismiss an action, the Court must consider several factors: (1)
23 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
24 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
25 cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*,
26 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).
27 ///
28 ///

1    In the instant case, the Court finds that the public's interest in expeditiously resolving this
2 litigation and the Court's interest in managing the docket weigh in favor of dismissal because
3 there is no indication that Plaintiff intends to prosecute this action.  The action has been pending
4 since March 2019 and Plaintiff has not complied with this Court's orders.  Plaintiff has not filed
5 an opening brief, has not responded to the show cause order and has not otherwise resumed
6 prosecution of this case.  The Court cannot hold this case in abeyance awaiting Plaintiff's
7 compliance.

8    The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because
9 a presumption of injury arises from any unreasonable delay in prosecuting an action.  *Anderson*
10 *v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against
11 dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291
12 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
13 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
14 progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*
15 *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

16    Finally, the court's warning to a party that failure to obey the court's order will result in
17 dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at
18 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's November 30, 2020
19 order warned Plaintiff that his failure to respond would result in the dismissal of this action for
20 failure to obey a court order and failure to prosecute. (Doc. No. 21 at 2.)   Thus, Plaintiff had
21 adequate warning that dismissal could result from noncompliance. Additionally, at this stage in
22 the proceedings there is little available to the Court which would constitute a satisfactory lesser
23 sanction while protecting the Court from further unnecessary expenditure of its scarce resources.
24 Monetary sanctions or the preclusion of evidence or witnesses is likely to have no effect given
25 that Plaintiff has ceased litigating this case.
26 ///
27 ///
28 ///

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that this action is dismissed based on Plaintiff's failure to prosecute this action and for failure to obey court orders. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 20, 2021**            /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE